UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
:
In re:                                                          :         Chapter 11
                                                                :
RUBIE'S COSTUME COMPANY, INC., *et al.*                         :         Case No. 20-71970 thru 20-71975
                                                                :         (Jointly Administered)
                                               Debtors.         :
                                                                :
----------------------------------------------------------------x

## INTERIM ORDER (I) AUTHORIZING THE DEBTORS TO PAY CERTAIN PREPETITION TRADE CLAIMS OF CRITICAL VENDORS AND (II) GRANTING RELATED RELIEF

Upon the motion (the "Motion")[1] of the Debtors for an interim order (this "Interim Order") and a Final Order (a) authorizing, but not directing, the Debtors to, in their sole discretion, make payments toward the prepetition trade claims of Critical Vendors; and (b) approving certain conditions on the Debtors' payment of prepetition obligations; and (c) directing banks and financial institutions at which the Debtors maintain disbursement and other accounts, at the Debtors' instruction, to receive, honor, process, and pay, to the extent of funds on deposit, any and all checks or electronic fund transfer on account of the Prepetition Trade Claims; and upon the Declaration of Marc P. Beige in Support of the Motion dated as of May 4, 2020 [Docket No. 20]; and upon consideration of the First Day Declaration; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and that this Court may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and due and sufficient notice of the Motion having

---

[1] Capitalized terms used but not defined herein shall have the meanings ascribed to such terms in the Motion.

1

been given under the particular circumstances; and it appearing that no other or further notice is necessary; and the Court having held a conference regarding the Motion on May 5, 2020; and the Debtors, pursuant to the Court's *Order Granting Debtors' Ex Parte Motion Authorizing the Filing of Critical Vendor Schedule Under Seal* entered on May 8, 2020 [Docket No. 34] (the "Sealing Order"), having filed under seal with the Clerk of the Court a list of Critical Vendors (the "Critical Vendor Schedule") that includes the amount and category of each contemplated payment (i.e., a Critical Vendor Claim or 503(b)(9) Claim) to each Critical Vendor; and an unredacted copy of the Critical Vendor Schedule having been provided to the Critical Vendor Schedule Notice Parties, as defined in the Sealing Order; and a hearing on the Motion having been held on May 12, 2020; and it appearing that the relief requested in the Motion is in the best interests of the Debtors, their estates, creditors, and other parties in interest; and after due deliberation and sufficient cause appearing therefor; it is hereby:

**ORDERED, ADJUDGED, AND DECREED that:**

1. The Motion is GRANTED on an interim basis as set forth herein.

2. The Debtors are hereby authorized, but not required, to pay, in their sole discretion, without further order of this Court, the Prepetition Trade Claims in an amount not to exceed $8.8 million in the aggregate on a postpetition basis in the ordinary course of business; *provided*, *however*, that any Critical Vendor that accepts payment pursuant to the authority granted in this Interim Order agrees to supply goods and services to the Debtors postpetition on Customary Trade Terms or on such other favorable terms as are acceptable to the Debtors.

3. The form of the Trade Agreement is approved in its entirety. The Debtors are authorized, but not directed, to cause the Critical Vendors to enter into Trade Agreements with

the Debtors substantially in the form of the letter attached as **Exhibit C** to the Motion as a condition to payment of the Prepetition Trade Claims.

4. Any party who accepts payment from the Debtors of a Prepetition Trade Claim (regardless of whether a Trade Agreement has been executed) shall be deemed to have agreed to the terms and provisions of this Interim Order and (a) shall be deemed to have waived, to the extent so paid, any and all prepetition claims, of whatever type, kind or priority, against the Debtors, their properties and estates, their directors, officers, and employees up to the amount paid; and (b) shall refrain from asserting any reclamation claim with respect to the goods, or to withdraw such goods, that are the subject of any such payment.

5. If a Critical Vendor refuses to supply goods and/or services to the Debtors on Customary Trade Terms (or such other terms as are agreed by the parties) following receipt of any payment on account of its Prepetition Trade Claim (regardless of whether such Critical Vendor has entered into a Trade Agreement), or fails to comply with any Trade Agreement entered into between such Critical Vendor and the Debtors, then the Debtors may, with notice to the affected Critical Vendor and on or before the date on which any plan or plans of reorganization are confirmed in these Chapter 11 Cases, declare (a) such Trade Agreement immediately terminated (if applicable), and (b) any payments made to such Critical Vendor on account of its Prepetition Trade Claim to have been in payment of then outstanding postpetition obligations owed to such Critical Vendor. Such Critical Vendor shall immediately repay to the Debtors any payments received on account of its prepetition claim to the extent that the aggregate amount of such payments exceeds the postpetition obligations then outstanding to such Critical Vendor, without the right of setoff, recoupment or reclamation, and the Critical Vendor's prepetition claim shall be reinstated as a prepetition claim in these Chapter 11 Cases and subject

to the terms of any bar date order entered in these Chapter 11 Cases.  Nothing herein shall constitute a waiver of the Debtors' rights to seek damages or other appropriate remedies against any breaching Critical Vendor.

6. Notwithstanding the foregoing, the Debtors may, in their sole discretion, without further order of this Court, but with notice to the U.S. Trustee, reinstate a Trade Agreement if the underlying default under the Trade Agreement is fully cured by the Critical Vendor not later than five business days following the Debtors' notification to the Critical Vendor of such default or the Debtors, in their discretion, reach a favorable alternative agreement with Critical Vendor.

7. The Debtors shall not pay a claim as a Prepetition Trade Claim unless such claim is set forth on the Critical Vendor Schedule; *provided*, *however*, that the Debtors may amend the Critical Vendor Schedule from time to time to increase an existing Prepetition Trade Claim or to add a new Prepetition Trade Claim (in either instance, an "Additional Prepetition Trade Claim") with two business days' written notice and opportunity to object to the Critical Vendor Schedule Notice Parties.  In the event an objection is made to such an Additional Prepetition Trade Claim, which is not later resolved and withdrawn, the Debtors shall not make any payments on account of such Additional Prepetition Trade Claim without a further order of the Court.

8. All Banks are (a) authorized and directed to receive, process, honor and pay any and all prepetition and postpetition checks, drafts, electronic transfers and other forms of payment used by the Debtors to satisfy their Prepetition Trade Claims, whether presented before, on, or after the Petition Date; *provided* that sufficient funds are on deposit in the applicable accounts to cover such payments, and (b) prohibited from placing any holds on, or attempting to reverse, any automatic transfers on account of Prepetition Trade Claims.  The Banks shall rely on the direction and representations of the Debtors as to which checks and fund transfers should be

honored and paid pursuant to this Interim Order, and no such Bank shall have any liability to any party for relying on such direction and representations by the Debtors as provided for in this Interim Order.

9. To the extent the Debtors have not yet sought to remit payment on account of the Prepetition Trade Claims, the Debtors are authorized, but not directed, to issue checks or provide for other means of payment of the Prepetition Trade Claims subject to the terms of the Cash Collateral Orders entered by this Court and any approved budget thereunder.

10. Any party receiving payment from the Debtors is authorized and directed to rely upon the representations of the Debtors as to which payments are authorized by this Interim Order.

11. Nothing in the Motion or this Interim Order or the relief granted (including any actions taken or payments made by the Debtors pursuant thereto) shall be construed as (a) authority to assume or reject any executory contract or unexpired lease of real property, or as a request for the same; (b) an admission as to the validity, priority, or character of any claim or other asserted right or obligation, or a waiver or other limitation on the Debtors' or any other party in interest's ability to contest the same on any ground permitted by bankruptcy or applicable non-bankruptcy law; (c) a limitation on, or in any way affecting, the Debtors' ability to dispute any Prepetition Trade Claim; (d) a promise to pay any claim or other obligation; (e) granting third-party-beneficiary status or bestowing any additional rights on any third party; or (f) being otherwise enforceable by any third party.

12. The authorization granted hereby to pay Prepetition Trade Claims shall not create any obligation on the part of the Debtors or their officers, directors, attorneys, or agents to pay the Prepetition Trade Claims, none of the foregoing persons shall have any liability on account of

any decision by the Debtors not to pay a Prepetition Trade Claim, and nothing contained in this Order shall be deemed to increase, reclassify, elevate to an administrative expense status or otherwise affect the Prepetition Trade Claims to the extent they are not paid.

13. This Interim Order, and all acts taken in furtherance of or reliance upon this Interim Order, shall be effective notwithstanding the filing of an Objection, pending the entry of the Final Order by this Court.

14. Notwithstanding anything to the contrary contained in this Interim Order, (a) any payment to be made, or authorization contained, hereunder shall be subject to the requirements imposed on the Debtors under the Cash Collateral Orders approved by this Court in these Chapter 11 Cases, and (b) to the extent there is any inconsistency between the terms of such Cash Collateral Orders and any action taken or proposed to be taken hereunder, the terms of such Cash Collateral Orders shall control.

15. The Court finds and determines that the requirements of Bankruptcy Rule 6003 are satisfied and that the relief requested is necessary to avoid immediate and irreparable harm.

16. Notice of the Motion satisfies the requirements set forth in Bankruptcy Rule 6004(a).

17. Notwithstanding Bankruptcy Rule 6004(h), this Interim Order shall be effective and enforceable immediately upon entry hereof.

18. All time periods set forth in this Interim Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

19. The Debtors are authorized and empowered to take all actions necessary to implement the relief granted in this Interim Order.

20. <u>Final Hearing.</u> The Final Hearing shall be held on **May 27, 2020 at 10:00 a.m.**

**(EST)** before this Court. **The Debtors shall promptly fax or email mail copies of this Interim Order to the Notice Parties, to any Committee appointed in the Chapter 11 Cases after the same has been appointed, or counsel to such Committee, if the same shall have been appointed, the 30 largest unsecured creditors, and to any other party that has filed a request for notices with this Court. Debtors shall also promptly mail copies of this Interim Order to the 30 largest unsecured creditors for whom it does not have a fax number or email address.** Any objections to the granting of the relief requested in the Motion on a permanent basis must be filed no later than **May 26, 2020 at 10:00 a.m. (EST)** (the "Objection Deadline").

21.     This Court shall retain exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, or enforcement of this Interim Order.



**Dated: May 18, 2020**
**Central Islip, New York**

_____
**Alan S. Trust**
**United States Bankruptcy Judge**