**Exhibit 1**

**Purchaser Stipulation**

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                                        :

In re:                                                  :         Chapter 11

RCCI WIND DOWN COMPANY, INC., *et al*.  :         Case Nos. 20-71970 thru

                                                       :         20-71974 (AST)

                        Debtors.        :

                                                       :         Jointly Administered

------------------------------------------------------------X

**STIPULATION RESOLVING MATTERS
ORDERED TO MEDIATION BY AND AMONG THE DEBTORS, THE
<u>OFFICIAL COMMITTEE OF UNSECURED CREDITORS, AND RUBIES II, LLC</u>**

This Stipulation is entered into among (i) the above-captioned Debtors, (ii) the Official Committee of Unsecured Creditors in the Debtors' chapter 11 cases (the "<u>Committee</u>") and (iii) Rubies II, LLC (the "<u>Purchaser</u>") and, together with Debtors and Committee, the "<u>Parties</u>"). The Parties hereby stipulate and agree as follows:

**RECITALS**

A.    On April 30, 2020 (the "<u>Petition Date</u>"), the Debtors commenced the above captioned chapter 11 cases.

B.    At the hearing on September 24, 2020 (the "<u>Sale Hearing</u>"), the Bankruptcy Court approved the sale of substantially all the Debtors' assets to the Purchaser (the "<u>Sale</u>") pursuant to that certain Asset Purchase Agreement dated as of August 17, 2020 (the "<u>APA</u>") as modified by the record of the Sale Hearing and upon the terms and conditions set forth in the order approving the Sale entered on September 25, 2020 [Docket No. 408] (the "<u>Sale Order</u>");

C.    On or about September 29, 2020, a dispute arose between the Parties concerning the Cash Payment Amount (as defined in the APA) in the amount of $2 million (the "<u>Dispute</u>");

1

D. After a hearing on September 30, 2020, the Bankruptcy Court ordered that the Purchaser's $2 million good faith deposit then held in escrow (the "Escrowed $2 Million") by Debtors' co-counsel, Meyer, Suozzi, English & Klein, P.C. ("MSEK") continue to be held in escrow by MSEK (the "MSEK Escrow") pending resolution of the Dispute by Court order or an express written agreement between the Debtors, Committee and Purchaser, as set forth in that certain letter agreement by and among the Parties which was so-ordered by the Court on October 5, 2020 (the "October 5, 2020 Order"). *See* [Docket No. 438];

E. On November 9, 2020, the Bankruptcy Court entered the *Order Assigning Matters to Mediation* [Docket No. 498] assigning the Dispute to mediation between the Debtors, Committee, and Purchaser (the "Mediation") with the Hon. Robert E. Gerber (Ret.) as mediator (the "Mediator");

F. Through the Mediation conducted on several days between November 19, 2020 and December 5, 2020, the Parties engaged in good-faith, arm's length negotiations with the assistance of the Mediator, as a result of which the Parties resolved the Dispute on the terms set forth herein;

G. This Stipulation does not constitute an admission by the Parties concerning any issue (including, without limitation, any liability) with respect to the subject matter hereof.

## STIPULATION

1. The Recitals set forth above are incorporated as if fully set forth herein.

2. As soon as practicable following Court approval of this Stipulation, MSEK is authorized and directed to release $550,000.00 of the Escrowed $2 Million to an account designated by the Purchaser in writing. MSEK is authorized and directed to release from its escrow the remaining portion of the Escrowed $2 Million in the amount of

$1,450,000.00 to an account designated by the Debtors in writing, which shall be available to the Debtors' estates for distributions to general unsecured creditors under a chapter 11 plan (the "Plan"). No later than five (5) business days following the Debtors' receipt of the remaining $1,450,000 from MSEK, the Debtors must place $4,250,000 in the General Unsecured Claim Reserve (as defined in the Sale Order). Funds in the General Unsecured Claim Reserve may be employed solely for the purpose of funding distributions to general unsecured creditors in accordance with the terms of the Sale Order.

3. Except as otherwise expressly provided herein, nothing herein may be deemed to modify the provisions of the Sale Order and the October 5, 2020 Order.

4. MSEK, as escrow agent, and its shareholders, directors, officers, and employees will not incur any liability whatsoever for its acts and omissions arising out of or related directly or indirectly to this Stipulation, the October 5, 2020 Order or the Escrowed $2 Million other than for its gross negligence or willful misconduct.

5. This Court will retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, and/or enforcement of this Stipulation; *provided*, *however*, that prior to seeking relief from the Court regarding any dispute concerning this Stipulation, the Parties will seek resolution of such dispute with the assistance of the Mediator.

6. This Stipulation constitutes the entire agreement and understanding between the Parties regarding the subject matter herein, and supersedes all prior promises or agreements with respect to the subject matter herein. No waiver or modification of any term or condition contained herein will be valid or binding unless in writing and executed by the Parties hereto or otherwise ordered by the Court.

7. The Parties executing this Stipulation hereby represent and warrant that they are authorized to execute this Stipulation on behalf of the entities named in their corresponding signature block.

8. This Stipulation will be binding on and inure to the benefit of the Parties hereto and their respective successors and assigns, including without limitation any subsequently appointed plan administrator, creditor trustee, or chapter 7 trustee in the Debtors' chapter 11 cases.

9. Upon Court approval of this Stipulation, the Parties represent and warrant to each other that this Stipulation will be valid, binding, and enforceable by and against each of the Parties hereto.

10. The Parties acknowledge that they have read and fully understand the terms of this Stipulation and agree that they are entering into this Stipulation knowingly and voluntarily and agree to all of its provisions.

11. Notwithstanding the possible applicability of Bankruptcy Rule 6004(h), the terms of this Stipulation will be immediately effective and enforceable upon its approval.

[*remainder of page intentionally left blank*]

Dated: December 14, 2020
 New York, New York

TOGUT, SEGAL & SEGAL LLP

*Co-Counsel for the Debtors*

By: */s/ Frank A. Oswald*
 Frank A. Oswald
 Brian F. Moore
 One Penn Plaza
 New York, New York 10119

Dated: December 14, 2020
 New York, New York

MEYER, SUOZZI, ENGLISH & KLEIN P.C.

*Co-Counsel for the Debtors*

By: */s/ Edward J. LoBello*
 Edward J. LoBello
 Jordan D. Weiss
 990 Stewart Ave, Ste 300
 Garden City, New York 11530

Dated: December 14 2020
 New York, New York

ARENT FOX LLP

*Counsel for the Official Committee of Unsecured Creditors*

By: */s/ George P. Angelich*
 George P. Angelich
 Jordana L. Renert
 David J. Mayo
 1301 Avenue of the Americas
 New York, New York 10019

Dated: December 14, 2020
 New York, New York

COOLEY LLP

*Counsel for Rubies II, LLC*

By: */s/ Cathy Hershcopf*
 Cathy Hershcopf
 55 Hudson Yards
 New York, NY 10001

5